CLOSED

NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

MORGAN KEEGAN & COMPANY, INC.,

Plaintiff,

v.

JAMES AGRESTI and PAMELA AGRESTI,

Defendants.

Civil Action No. 11-5229 (PGS)

**MEMORANDUM AND ORDER**

**SHERIDAN, U.S.D.J.**

This matter comes before the Court on Plaintiff Morgan Keegan & Company, Inc.'s ("Morgan Keegan") motion for summary judgment to declare that Morgan Keegan is not required to arbitrate the claims of Defendants, James Agresti and Pamela Agresti (collectively referred to herein as "Defendants") and enjoining Defendants from pursuing their claims against Morgan Keegan in an arbitration before the Financial Industry Regulatory Authority ("FINRA"). Morgan Keegan argues that there is no arbitration agreement between the parties, and Defendants are not "customer[s]" of Morgan Keegan. Defendants assert otherwise under FINRA Rules. For the reasons set forth below, this Court grants Morgan Keegan's motion for summary judgment.

**I.   FACTS**

Only the facts relevant to the court's analysis will be recited. The following facts are

1

undisputed.[1] Morgan Keegan is a regional broker-dealer founded in 1969, and FINRA member. Morgan Keegan is incorporated under the laws of the State of Tennessee and its principal place of business is located in Memphis, TN. Defendants are citizens of the State of New Jersey who reside in Far Hills, NJ. On August 2, 2011, Defendants commenced an arbitration against Morgan Keegan before FINRA, captioned *James and Pamela Agresti v. Morgan Keegan & Company, Inc.*, FINRA Case No. 11-03019 (the "FINRA Arbitration"). At Defendants' request, the FINRA Arbitration is scheduled to be held in Newark, NJ. Defendants' claims in the FINRA Arbitration relate to their purchase of Regions Morgan Keegan closed-end, high yield funds ("RMK funds").

Defendants never signed a written contract or customer agreement with Morgan Keegan. Defendants did not purchase the RMK funds through a broker employed by Morgan Keegan. Defendants purchased shares in the RMK funds in discretionary accounts held at one or more third-party brokerage firms. Dennis Laughlin and James Potter were Defendants' Brokers. Neither Dennis Laughlin nor James Potter was ever a registered representative of, or employed by, Morgan Keegan. Defendants never purchased shares in the RMK funds from or through Morgan Keegan.

Additionally, Defendants did not maintain a brokerage account with Morgan Keegan. Defendants never purchased any securities from or through Morgan Keegan. Defendants never purchased any securities from or through any associated person of Morgan Keegan. Morgan Keegan never communicated with Defendants about Defendants' particular brokerage accounts.

---

[1] Defendants did not submit a response to Morgan Keegan's Statement of Uncontested Facts. As such, the Court is entitled to treat Morgan Keegan's Statement of Uncontested Facts as uncontroverted. *Glazewski v. Corzine*, 2009 U.S. Dist. LEXIS 121171, * 8-9 (D.N.J. Dec. 31, 2009).

2

Morgan Keegan has no documents, accounts, or files related to Defendants.

## II. DISCUSSION

Summary judgment is appropriate under Fed. R. Civ. P. 56(c) when the moving party demonstrates that there is no genuine issue of material fact and the evidence establishes the moving party's entitlement to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A factual dispute is genuine if a reasonable jury could return a verdict for the non-movant, and it is material if, under the substantive law, it would affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (quoting *Anderson*, 477 U.S. at 255).

Once the moving party has satisfied its initial burden, the party opposing the motion must establish that a genuine issue as to a material fact exists. *Jersey Cent. Power & Light Co. v. Lacey Twp.*, 772 F.2d 1103, 1109 (3d Cir. 1985). The party opposing the motion for summary judgment cannot rest on mere allegations and instead must present actual evidence that creates a genuine issue as to a material fact for trial. *Anderson*, 477 U.S. at 248; *Siegel Transfer, Inc. v. Carrier Express, Inc.*, 54 F.3d 1125, 1130-31 (3d Cir. 1995). "[U]nsupported allegations . . . and pleadings are insufficient to repel summary judgment." *Schoch v. First Fidelity Bancorp.*, 912 F.2d 654, 657 (3d Cir. 1990); *see also* Fed. R. Civ. P. 56(e) (requiring nonmoving party to "set forth specific facts showing that there is a genuine issue for trial"). Moreover, only disputes over facts that might affect the outcome of the lawsuit under governing law will preclude the entry of summary judgment. *Anderson*, 477 U.S. at 247-48. If a court determines, "after drawing all

inferences in favor of [the non-moving party], and making all credibility determinations in his favor – that no reasonable jury could find for him, summary judgment is appropriate." *Alevras v. Tacopina*, 226 Fed. App'x. 222, 227 (3d Cir. 2007).

The United States Supreme Court has determined that "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *Howsam v. Dean Witter Reynolds*, 537 U.S. 79, 83 (U.S. 2002) (*citing Steelworkers v. Warrior & Gulf Nav. Co.*, 363 U.S. 574 (1960) (internal quotations omitted); *see also, AT&T Technologies, Inc. v. Communications Workers of America*, 475 U.S. 643, 648 (1986) ("arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit") (internal citations and quotations omitted).

Although the Supreme Court has also long recognized and enforced a liberal federal policy favoring arbitration agreements, there is a clear exception to this policy: the question of whether the parties have submitted a particular dispute to arbitration, i.e., the question of arbitrability, is an issue for judicial determination unless the parties have clearly and unmistakably provided otherwise. *Id.* (internal citations and quotations omitted). *See also AT&T Technologies, Inc.*, 475 U.S. at 649 ("the question of whether the parties agreed to arbitrate is to be decided by the court, not the arbitrator," unless the parties have expressly provided otherwise). As such, while there is a strong federal policy in favor of arbitration, this does not change the fact that one cannot be compelled to arbitrate his disputes unless he has agreed to do so. *Fleet Boston Robertson Stephens, Inc. v. Innovex, Inc.*, 264 F.3d 770, 773 (8th Cir. 2001) (*citing Volt Info. Sciences, Inc. v. Board of Trustees of Leland Stanford Junior University*, 489 U.S. 468, 478 (1989)).

Here, there is no arbitration agreement between the parties. Given that there is no

arbitration agreement between Morgan Keegan and Defendants, the only available basis on which Defendants can require Morgan Keegan to arbitrate their claims is under FINRA, since Morgan Keegan is a FINRA member. *See Morgan Keegan v. Shorthouse*, 2011 U.S. Dist. LEXIS 135459, *5-6 (W.D. Wa. November 22, 2011). "FINRA is a nongovernmental agency, and it has no specific grant of authority - from Congress or some other form of governmental power - to conduct arbitration proceedings. As such, its authority to compel arbitration must have some contractual basis - either a contract between customer and FINRA member, or an agreement between the member and FINRA." *Shorthouse*, 2011 U.S. Dist. LEXIS 135459, at *6 (*citing John Hancock Life Ins. Co. v. Wilson*, 254 F.3d 48 (2nd Cir. 2001) (finding that NASD member, by virtue of its membership in NASD, had agreed to arbitrate all disputes under Rule 10301 of the NASD Code of Arbitration).

Rule 12200 of the FINRA Code of Arbitration Procedure for Customer Disputes ("FINRA Code") is titled "Arbitration Under an Arbitration Agreement or the Rules of FINRA." Rule 12200 indicates that parties must arbitrate a dispute under the FINRA Code if: arbitration under the FINRA Code is either required by a written agreement, or requested by the customer. In either case, the dispute must be between a customer and a member or associated person of a member, and the dispute arises in connection with the business activities of the member or the associated person. Rather than provide an affirmative definition of "customer," Rule 12100(i) of the FINRA Code defines "customer" only in the negative, as it states: "[a] customer shall not include a broker or dealer." "Accordingly, courts have been forced to look beyond this exclusionary definition to determine whether particular entities are customers within the meaning of Rule 12200." *J.P. Morgan Sec. v. Louisiana Citizens Property Insurance Corp.*, 712 F. Supp. 2d 70, 77 (S.D.N.Y. 2010).

5

The Third Circuit Court of Appeals has yet to define the term "customer" in this context. Accordingly, this Court looks to the decisions of other district courts that have addressed this issue for guidance. Eight district courts in four different circuits have addressed the issue of whether individual investors who purchased shares of the RMK funds from third-party brokers are "customer[s]" of Morgan Keegan under Rule 12200 of the FINRA Code. One court joined "the courts in this circuit and others which have found that investors who purchased Morgan Keegan funds from third-party broker-dealers are not 'customers' of Morgan Keegan within the meaning of FINRA Rule 12200, and may not compel arbitration under that rule." *Morgan Keegan & Company v. McPoland*, 2011 U.S. Dist. LEXIS 140113, *10 (W.D. Wa. December 6, 2011); *See also, Morgan Keegan & Company v. Louise Silverman Trust*, 2012 U.S. Dist. LEXIS 3870, *16-17 (D. Md. January 12, 2012); *Morgan Keegan & Company v. Jindra*, 2011 U.S. Dist. LEXIS 135464, * 10 (W.D. Wa. November 22, 2011); *Morgan Keegan & Company v. Shorthouse*, 2011 U.S. Dist. LEXIS 135459, * 10-11 (W.D. Wa. November 22, 2011); *Morgan Keegan & Company v. Ras*, 2011 U.S. Dist. LEXIS 150392, * 7-9 (E.D. Ky. November 14, 2011); *Morgan Keegan & Company v. Drzayich*, 2011 U.S. Dist. LEXIS 129366, * 10-11 (D. Id. November 8, 2011); *Morgan Keegan & Company v. Shadburn*, 829 F.Supp.2d 1141, 1150 (M.D. Al. 2011); and *Morgan Keegan & Company v. Johnson*, 2011 U.S. Dist. LEXIS 155042 (E.D. Va. December 22, 2011).[2]

---

[2] Further, two district courts in other circuits have vacated arbitration awards against Morgan Keegan on facts substantially similar, if not nearly identical, to this case, holding that an investor who purchased RMK funds from a third-party broker is not a "customer" of Morgan Keegan under FINRA Rule 12200, and thus could not arbitrate his claims against Morgan Keegan under that Rule. *See Morgan Keegan & Company v. Garrett*, 816 F.Supp.2d 439, 441 (S.D. Tx. 2011); and *Zarecor v. Morgan Keegan & Company*, 2011 U.S. Dist. LEXIS 130700, * 16 (E.D. Ar. July 29, 2011) (holding that "term 'customer' under Rule 12000 should not be construed too narrowly, nor should it be interpreted in a manner that would ignore the reasonable

The facts of these cases are substantially similar, if not nearly identical, to the undisputed facts of the instant matter. Defendants never signed a written contract or customer agreement with Morgan Keegan, and did not maintain a brokerage account with Morgan Keegan. Defendants did not purchase the RMK funds through or from Morgan Keegan, or through a broker employed by Morgan Keegan. Rather, Defendants purchased shares in the RMK funds through one or more third-party brokerage firms, and neither of Defendants' brokers was ever an employee or registered representative of Morgan Keegan. Additionally, Defendants never purchased any securities from or through Morgan Keegan, or from or through any associated person of Morgan Keegan. Morgan Keegan never communicated with Defendants about their particular brokerage accounts, and Morgan Keegan has no documents, accounts, or files related to Defendants.

Accordingly, the Court finds persuasive, agrees with, and therefore adopts, the reasoning set forth in the eight district court decisions cited above that concluded under substantially similar, if not nearly identical, facts that the individual investors who purchased the RMK funds from third-party brokers were not "customer[s]" of Morgan Keegan under FINRA Rule 12200, and therefore, could not require Morgan Keegan to participate in FINRA arbitrations under that Rule. Further, as the *Shadburn* and *Louise Silverman Trust* courts noted, to interpret "customer" so broadly as to include the tenuous relationship between Defendants and Morgan Keegan, as proposed by Defendants, disregards the actual relationship between a claimant and a FINRA member and could lead to scenarios where a FINRA member's membership alone would require arbitration, which would frustrate and do significant injustice to the reasonable expectations of

---

expectations of FINRA members. In this case, the Court finds no connection or customer relationship between the parties that would justify compelled arbitration under Rule 12200").

7

FINRA members. *Shadburn*, 829 F.Supp.2d at 1149-50 (internal citation omitted); *Louise Silverman Trust*, 2012 U.S. Dist. LEXIS 3870 at * 16-17 (internal citation omitted).

## CONCLUSION

In light of the eight cases from various circuits, the Court finds that there is no issue of material fact in dispute, and concludes, as a matter of law, that Defendants are not "customer[s]" of Morgan Keegan under Rule 12200 of the FINRA Code, and therefore, cannot compel Morgan Keegan to participate in the FINRA Arbitration. Accordingly, the Court declares that Morgan Keegan is not required to arbitrate and Defendants and enjoined from pursuing the FINRA Arbitration.

## ORDER

Based on the above findings of fact and conclusions of law it is ORDERED that Morgan Keegan is not required to arbitrate and Defendants are enjoined from pursuing arbitration. Motion for summary judgment (ECF No. 8) is Granted.

                                                                  _____
                                                                  PETER G. SHERIDAN, U.S.D.J.